IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeanette V. Houston<br>Debtor(s) | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>Movant<br>vs.<br>Jeanette V. Houston<br>Debtor(s)<br>Scott Waterman<br>Trustee | NO. 19-16207 AMC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$13,781.50**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2020 through October 2021 at $897.05/month<br>November 2021 through February 2022 at $842.22/month |
| Suspense Balance: | ($692.93) |
| Fees & Costs Relating to Motion: | $1,238.00 |
| **Total Post-Petition Arrears** | **$13,781.50** |

2. The Debtor(s) shall cure said arrearages in the following manner:

    a) Debtor has been approved for a trial modification, with trial payments beginning March 1, 2022. Beginning on March 1, 2022, Debtor shall make regular trial modification payments followed by regular permanent modification payments thereafter, upon approval, both as directed within the modification documents.

    b) Debtor shall obtain a permanent loan modification by June 30, 2022.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said

notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. In the event Debtor is denied for a loan modification, even if it is prior to the listed deadlines, Movant may notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 16, 2022                By: /s/ Rebecca A. Solarz, Esquire
                                         Attorney for Movant

Date: 2/22/22                            _____
                                         Michael Gumbel
                                         Attorney for Debtor(s)

Date: February 23, 2022                  /s/ Ann E. Swartz, Esquire, for
                                         Scott Waterman, Esquire
                                         Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

**Date: February 25, 2022**

                                         _____
                                         Bankruptcy Judge
                                         Ashely M. Chan