United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                    Case No. 19-16207-amc

Jeanette V. Houston                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Feb 25, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 27, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Jeanette V. Houston, 6523 Ogontz Avenue, Philadelphia, PA 19126-3409 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 27, 2022                    Signature:              /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| KEVIN G. MCDONALD | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com |
| MICHAEL GUMBEL | on behalf of Debtor Jeanette V. Houston mgumbel@bainbridgelawcenter.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com  rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeanette V. Houston<br>_____Debtor(s)_____ | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>_____Movant_____<br>vs. | NO. 19-16207 AMC |
| Jeanette V. Houston<br>_____Debtor(s)_____ | |
| Scott Waterman<br>_____Trustee_____ | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$13,781.50,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2020 through October 2021 at $897.05/month<br>November 2021 through February 2022 at $842.22/month |
| Suspense Balance: | ($692.93) |
| Fees & Costs Relating to Motion: | $1,238.00 |
| **Total Post-Petition Arrears** | **$13,781.50** |

2.      The Debtor(s) shall cure said arrearages in the following manner:

a) Debtor has been approved for a trial modification, with trial payments beginning March 1, 2022. Beginning on March 1, 2022, Debtor shall make regular trial modification payments followed by regular permanent modification payments thereafter, upon approval, both as directed within the modification documents.

b) Debtor shall obtain a permanent loan modification by June 30, 2022.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said

notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. In the event Debtor is denied for a loan modification, even if it is prior to the listed deadlines, Movant may notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11.     The parties agree that a facsimile signature shall be considered an original signature.

Date:    February 16, 2022                    By: /s/ Rebecca A. Solarz, Esquire
                                                 Attorney for Movant


Date:  2/22/22                                   _____
                                                 Michael Gumbel
                                                 Attorney for Debtor(s)



Date: February 23, 2022                          /s/ Ann E. Swartz, Esquire, for
                                                 Scott Waterman, Esquire
                                                 Chapter 13 Trustee




Approved by the Court this _____ day of _____, 2022.  However, the court
retains discretion regarding entry of any further order.

**Date: February 25, 2022**
                                                 _____
                                                 Bankruptcy Judge
                                                 Ashely M. Chan